Chen v. Holder

BIA
Cheng, IJ
A087 433 087

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HUA CHEN,
> *Petitioner,*

v.      11-4784
     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hua Chen, a native and citizen of the People's Republic of China, seeks review of an October 31, 2011, decision of the BIA affirming the March 15, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Chen*, No. A087 433 087 (B.I.A. Oct. 31, 2011), *aff'g* No. A087 433 087 (Immig. Ct. N.Y. City Mar. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Initially, while we require petitioners to raise specific issues with the BIA that are later raised in this Court, *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per

2

curiam), where, as here, the BIA addresses issues that were not raised by an applicant in the course of an appeal, we may consider them, *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).

The BIA determined that the IJ's adverse credibility determination was not clearly erroneous because it was based on "specific and cogent discrepancies" within Chen's testimony, and between her testimony and the documentary evidence. We find that the BIA's determination is supported by substantial evidence.

The IJ found Chen's demeanor to be "troubling" because her testimony was "non-responsive, evasive and rehearsed." For example, Chen was unable to answer a straightforward question regarding her fear of returning to China. Chen does not challenge the demeanor findings, noting only that "[t]he [IJ] was also critical of [her] demeanor." As Chen has not contested the demeanor findings, she has provided no basis for us to disturb the particular deference due to those findings. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also determined that Chen's testimony was inconsistent with record evidence regarding when during her pregnancy her alleged abortion occurred, how long the

3

abortion procedure lasted, and whether she entered the United States for religious reasons or because of her opposition to China's family planning policies. For example, Chen's testimony that she was four months pregnant when the forced abortion occurred in 2008 was inconsistent with medical records as well as her sworn statement during her credible fear interview showing that she was only two months pregnant. Chen's explanation for this discrepancy that she was two months pregnant at the time of her medical exam, but four months pregnant at the time of the abortion procedure, is inadequate to compel a reasonable fact-finder to credit it, because it fails to explain why Chen told an asylum officer that she was two months pregnant when the procedure occurred. *Id.*

Finally, the IJ found Chen's asylum claim to be implausible because she was unable to reconcile her testimony that the hospital medical staff was able to obtain personal information such as her age, address, and medical history, with her testimony that she was unable to speak with anyone at the hospital during her abortion procedure because she was in pain. Chen's argument that "it can safely be assumed" that the family planning officials who forcibly took her to the hospital already knew the

4

information would not compel a reasonable fact-finder to credit her testimony, especially where Chen also testified that she previously had not been to the hospital where the abortion procedure occurred. *Id.* at 80.

As the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case is dispositive of her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5